## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | |
|---|---|
| Conley Angel, | ) |
| | ) Case No. ___4:23-cv-86-RGJ___ |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) **Jury Trial Demanded** |
| America's Car-Mart, Inc. and | ) |
| John Does I-X, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.      Plaintiff Conley Angel brings this action against Defendants America's Car-Mart, Inc. ("ACM") and John Does I-X ("Does I-X"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Article 9 of the Kentucky Uniform Commercial Code, Ky. Rev. Stat. § 355.9-101 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6.      "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

7.      Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8.      After a default, the UCC gives secured parties the right to repossess collateral. *See* Ky. Rev. Stat. § 355.9-609.

9.     There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

10.     This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in Uniontown, Kentucky.

12.     Plaintiff is allegedly obligated to pay a debt.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.     ACM is a company that regularly makes consumer automobile loans.

15.     ACM is an Arkansas corporation that conducts business in Kentucky.

16.     Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as

Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

17.    Does I-X are persons and/or entities that at all relevant times were acting as repossession agents working at the behest of ACM.

18.    At all relevant times, Does I-X were persons and/or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

19.    Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20.    On or about December 26, 2019, Plaintiff purchased a 2011 Dodge Nitro (the "Vehicle").

21.    Plaintiff purchased the Vehicle for Plaintiff's own personal, family, and household use.

22.    The Vehicle constitutes "consumer goods" as defined by Ky. Rev. Stat. § 355.9-102(1)(w).

23.    Plaintiff financed the purchase of the Vehicle.

24.    In connection with the transaction, Plaintiff executed a loan agreement ("the Contract") in ACM's favor.

25.    As part of the Contract, ACM obtained a security interest in the Vehicle.

26.     The Vehicle constitutes "collateral" as defined by Ky. Rev. Stat. § 355.9-102(1)(*l*).

27.     ACM is a "secured party" as defined by Ky. Rev. Stat. § 355.9-102(1)(bu).

28.     Sometime later, ACM engaged its repossession agents, Does I-X, to repossess the Vehicle.

29.     On or about January 23, 2023, ACM's employee, driving a spotter vehicle, located the Vehicle being driven by Plaintiff's girlfriend.

30.     ACM's employee followed Plaintiff's girlfriend to Plaintiff's home as she parked it in Plaintiff's garage.

31.     ACM's employee parked five feet behind the Vehicle, outside Plaintiff's garage.

32.     Plaintiff protested the repossession and demanded ACM's employee cease the repossession leave his property immediately.

33.     ACM's employee refused.

34.     Instead, ACM's employee called Does I-X for a tow truck.

35.     Plaintiff then hit the switch to close his garage door.

36.     To prevent Plaintiff from closing the garage door, ACM's employee quickly drove its chase vehicle into the rear of the Vehicle and Plaintiff's closing garage door, causing damage.

37.     Thereafter, Does I-X arrived on the scene to repossess the Vehicle.

38.     Plaintiff protested the repossession and demanded that Does I-X leave the property immediately.

39.     Does I-X continued with the repossession over Plaintiff's unequivocal protest and his demand that they leave his property.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**DOES I-X**

40.     Plaintiff repeats and re-alleges each factual allegation contained above.

41.     Kentucky law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Ky. Rev. Stat. § 355.9-609.

42.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

43.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

44.     Plaintiff loudly and unequivocally protested the repossession.

45.     Once Plaintiff protested the repossession, Does I-X lost the right to continue with the repossession.

46.     Nonetheless, ACM and Does I-X continued with the repossession and thereby breached the peace.

47.     A repossession agent's breach of the peace negates a right to possession.

6

48.     By continuing with the repossession after it lost the right to do so, Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF KY. REV. STAT. § 355.9-609
### ACM

49.     Plaintiff repeats and re-alleges each factual allegation contained above.

50.     Kentucky law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Ky. Rev. Stat. § 355.9-609.

51.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

52.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

53.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

54.     ACM's employee breached the peace by driving his vehicle into the rear of Plaintiff's vehicle and into his garage door.

55.     ACM's repossession agent, Does I-X, breached the peace by continuing the repossession in the face of Plaintiff's loud and unequivocal protest.

56.      ACM violated Ky. Rev. Stat. § 355.9-609(b)(2) when Defendants breached the peace to repossess Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that ACM violated Ky. Rev. Stat. § 355.9-609;

b)  Awarding Plaintiff statutory damages, pursuant to Ky. Rev. Stat. § 355.9-625(3)(b);

c)  Awarding Plaintiff actual damages, pursuant to Ky. Rev. Stat. § 355.9-625(2);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible

   by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

57.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 17, 2023

         Respectfully submitted,

         s/ Christopher W. Goode
         Christopher W. Goode (KBA 88425)
         GOODE LAW OFFICE, PLLC
         389 Elaine Drive
         Lexington, Kentucky 40504
         (859) 363-6688
         cgoode@ThompsonConsumerLaw.com
         Attorney for Plaintiff

         Co-Counsel to the Firm:
         Thompson Consumer Law Group, PC
         11445 E Via Linda Ste. 2 #492
         Scottsdale, AZ 85259